UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Leah Buchannan,<br><br>                    Plaintiff,<br><br>     v.<br><br>Aces High Management, LLC and Sher Gaming, LLC,<br><br>                    Defendants. | Case No. 2:23-cv-01061-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 6). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses her complaint with leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 6). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
2  F.3d 1103, 1106 (9th Cir. 1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule
5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of
7  the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*
8  *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
10 elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*
11 *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations
12 contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,
13 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory
14 allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the
15 line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.
16 Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
17 drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
18 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19       Federal courts are courts of limited jurisdiction and possess only that power authorized by
20 the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C.
21 § 1331, federal courts have original jurisdiction over "all civil actions arising under the
22 Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when
23 federal law creates the cause of action or where the vindication of a right under state law
24 necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277
25 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the
26 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
27 federal question is presented on the face of the plaintiff's properly pleaded complaint."
28 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### ***A.     The Court dismisses Plaintiff's complaint without prejudice.***

Plaintiff alleges that, while working as a secure cage cashier at the Saddle West Hotel Casino RV resort—owned by Defendants Aces High Management, LLC and Sher Gaming, LLC—Saddle West began resurfacing wood surfaces throughout the resort. (ECF No. 6 at 3). Plaintiff asserts that the work began in October of 2022. Plaintiff reported to her employer that she was having an adverse reaction to the fumes but, instead of finding a reasonable accommodation for her or providing her with appropriate personal protective equipment, Saddle West sent her home without pay. Plaintiff reported this to the Occupational Safety and Health Administration ("OSHA"). Plaintiff asserts that Saddle West knew that she had reported to OSHA and retaliated against her by firing her and then informing Plaintiff's subsequent employer about Plaintiff's complaint to OSHA. Plaintiff filed a complaint with the EEOC and received a right to sue letter on April 14, 2023. (ECF No. 1-1 at 15). She filed her complaint less than ninety days later. (*Id.*).

Plaintiff identifies the following causes of action: (1) "OSHA whistleblower retaliation"; (2) "failure to provide reasonable accommodation"; (3) "failure to protect employees from chemical exposures"; (4) "failure to seek out medical attention for ill employee"; (5) "retaliation"; (6) "failure to provide proper personal protection equipment"; (7) "failure to mitigate risk to staff"; (8) "unlawful termination"; (9) "HIP[A]A violation"; and (10) "hostile working environment." (*Id.* at 1) (capitalization altered). She identifies the following as forming the basis for her claims[1]: Title VII, the Americans with Disabilities Act ("ADA"); the Genetic Information

---

[1] Plaintiff lists these statutes in her section addressing jurisdiction, apparently to apprise the Court that she is invoking federal question jurisdiction by bringing her claims under these federal statutes and regulations.

Nondiscrimination Act ("GINA"); and the Age Discrimination in Employment Act ("ADEA"). Plaintiff has not stated a claim upon which relief can be granted in any of her causes of action. The Court thus dismisses her complaint without prejudice and with leave to amend.

        1.     Title VII claims.

Employers may not retaliate against employees who have "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a); *see also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). To state a retaliation claim in violation of Title VII, a plaintiff must allege: (1) she engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) a causal link exists between the protected activity and the employer's adverse action. *Davis*, 520 F.3d at 1093-94. "An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an

---

The Court does not include certain of the statutes and regulations Plaintiff lists because these provisions are either repetitive of other provisions Plaintiff lists or because it is unclear which statutes she is referring to. These include the below.

Plaintiff lists "EPA" in her list. However, it is not clear if she is referring to the National Environmental Policy Act ("NEPA") which is implemented by the Environmental Protection Agency (often abbreviated "EPA") or to the Equal Pay Act.

Plaintiff also cites 42 U.S.C. § 12203. However, this is a provision of the Americans with Disabilities Act, which she also separately lists.

Plaintiff cites to 29 C.F.R. §§ 1601, 1620, 1621, 1625, 1626, 1630, and 1635. 29 C.F.R. § 1601 outlines procedural regulations set forth by the EEOC for carrying out its responsibilities in the administration and enforcement of employment related laws. 29 C.F.R. § 1620 addresses the Equal Pay Act, which prohibits discrimination by employers on the basis of sex in the wages paid for equal work. 29 C.F.R. § 1621 sets forth the procedures established by the EEOC for issuing opinion letters under the Equal Pay Act. 29 C.F.R. § 1625 includes regulations regarding the Age Discrimination in Employment Act. 29 C.F.R. § 1626 set forth the procedures established by the EEOC for carrying out its responsibilities in the administration and enforcement of the Age Discrimination and Enforcement Act. 29 C.F.R. § 1630 implements title I of the Americans with Disabilities Act. And 29 C.F.R. § 1635 implements Title II of the Genetic Information Nondiscrimination Act.

Plaintiff also cites § 701 et seq. However, it is unclear which statutory provision Plaintiff is referring to.

investigation, proceeding, or hearing' under Title VII." *E.E.O.C. v. California Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1278 (E.D. Cal. 2009).  However, unlawful employment practices under Title VII do not include OSHA violations.  *See* 42 U.S.C. § 2000e-2(a) (addressing employer practices).  A hostile work environment is one where "the workplace is permeated with discriminatory intimidation, ridicule, and insult…that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment…" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted).  However, Title VII only covers discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); *see Harris*, 510 U.S. at 21.

The Court construes Plaintiff's retaliation, unlawful termination, and hostile work environment claims as arising under Title VII.  Regarding her retaliation and unlawful termination claims, it is unclear that Plaintiff engaged in a protected activity when she complained about her employer's use of wood stripping chemicals to OSHA because Title VII does not describe OSHA violations as unlawful employment practices.  Plaintiff asserts that she also filed a complaint with the EEOC "for violation of several employment rights," which complaint could potentially constitute protected activity.  But Plaintiff does not describe the violations she listed in her EEOC complaint and does not assert that her employer retaliated against her because of that EEOC complaint.  Regarding her hostile work environment claim, Plaintiff does not allege discrimination within the definition of Title VII because she does not assert that her employer discriminated against her based on race, color, religion, sex, or national origin.  The Court thus dismisses Plaintiff's Title VII claims.

        2.    <u>OSHA claims.</u>

OSHA violations do not themselves constitute a private cause of action for breach.  29 U.S.C. § 653(b)(4); *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994).  There is also "no federal cause of action for an employer's retaliatory discharge of an employee who has filed a complaint" under OSHA.  *Sandoval v. New Mexico Tech. Grp.*, 174 F.Supp.2d 1224, 1229 (D.N.M. 2001) (citing 29 U.S.C. § 660(c)(2) (explaining that an employee who believes he or she has been discharged or discriminated against for a reporting an OSHA violation "may file a

complaint *with the Secretary*") (emphasis added)).  While the Nevada Supreme Court has suggested that evidence of OSHA violations may be applicable or admissible in tort claim actions, the Nevada Supreme Court made that determination in the context of a state-law tort claim, not a federal OSHA claim.  *See Calabrese v. M.J. Dean Const.*, 129 Nev 1102, at *1 (Nev. Dec. 18, 2013).  The Court construes Plaintiff's "OSHA whistleblower retaliation," "failure to protect employees from chemical exposures," "failure to provide proper personal protection equipment," and "failure to mitigate risk to staff" claims as arising under OSHA.  However, because OSHA does not provide a private right of action, the Court dismisses these claims.

          3.      <u>Health Insurance Portability and Accountability Act ("HIPAA") claims.</u>

HIPAA, like OSHA, does not provide a private right of action.  *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2015).  Plaintiff asserts that Defendants violated HIPPA by communicating her personal medical information, apparently to her subsequent employer, without her permission.  However, because HIPPA does not provide a private cause of action, Plaintiff's claim for a HIPPA violation fails and the Court dismisses it.

          4.      <u>ADA claims.</u>

To state a claim for disability discrimination under the ADA, Plaintiff must adequately allege: (1) that she is a disabled person within the meaning of the ADA; (2) that she is a qualified individual with a disability; and (3) that she was discriminated against "because of" her disability.  *Bates v. United States Parcel Service, Inc.*, 511 F.3d 974, 988 (9th Cir. 2007).  The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of…an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Additionally, a "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  *Bates*, 511 F.3d at 989 (citing 42 U.S.C. § 12111(8)).  Discrimination under the ADA includes the failure to make a "reasonable accommodation" unless the employer can demonstrate that the accommodation would impose an "undue hardship" on its business.  42 U.S.C. § 12112(b)(5)(A).

The Court construes Plaintiff's claims for "failure to provide reasonable accommodation" and "failure to seek out medical attention for ill employee" as discrimination claims arising under the ADA. However, Plaintiff has not alleged the elements of these claims. Specifically, she has not alleged that she is a disabled person within the meaning of the ADA. The Court thus dismisses these claims.

### 5. GINA claims.

Under GINA, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee…because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a). It is also unlawful under GINA for an employer to discriminate against an employee on the basis of genetic information, to use genetic information in making employment decisions, or to "request, require, or purchase" genetic information from an employee. 42 U.S.C. § 2000ff-1(b). "Genetic information" is defined under GINA as information about (1) an individual's genetic tests; (2) the genetic tests of family members of an individual; or (3) the manifestation of a disease or disorder in family members of an individual. 42 U.S.C. § 2000ff(4). Here, Plaintiff alleges no facts showing that she was discriminated against based on her or her family's genetic tests or diseases that run in her family. The Court thus dismisses her claim.

### 6. ADEA claims.

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, provides, "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "In order to establish a prima facie case of [age] discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Maluf v. Bergelectric Corp.*, No. 2:23-cv-00115-CDS-VCF, 2023 WL 2717323, at *4 (D. Nev. Mar. 30, 2023) (citing *Leong v. Potter*, 347 F.3d

1117, 1124 (9th Cir. 2003)).  Here, Plaintiff has alleged no facts that would support an ADEA claim.  The Court thus dismisses her claim.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **February 26, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: January 25, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE