UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Leah Buchannan,<br><br>                    Plaintiff,<br><br>    v.<br><br>Aces High Management, LLC and Sher Gaming, LLC,<br><br>                    Defendants. | Case No. 2:23-cv-01061-RFB-DJA<br><br>**Order** |

Before the Court is Plaintiff's amended complaint. (ECF No. 11). The Court screens Plaintiff's amended complaint under 28 U.S.C. § 1915. Because the Court finds that Plaintiff does not state a claim upon which relief can be granted, it dismisses the amended complaint without prejudice.

**I.      Legal standard.**

When a party is proceeding *in forma pauperis*, courts screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## II.     Discussion.

Plaintiff alleges that, while working as a secure cage cashier at the Saddle West Hotel Casino RV resort—owned by Defendants Aces High Management, LLC and Sher Gaming, LLC—Saddle West began resurfacing wood surfaces throughout the resort. (ECF No. 11). Plaintiff asserts that the work began in October of 2022. Plaintiff reported to her employer that she was having an adverse reaction to the fumes but, instead of finding a reasonable accommodation for her or providing her with appropriate personal protective equipment, Saddle West sent her home without pay.

Plaintiff reported this to the Occupational Safety and Health Administration ("OSHA"). Plaintiff asserts that Saddle West knew that she had reported to OSHA and retaliated against her by "beg[inning] systematic retaliatory actions and creat[ing] a hostile work environment" and eventually firing her. Plaintiff adds that Saddle West informed her subsequent employer about the incident. Plaintiff filed a complaint with the EEOC "for violation of several employment rights" and received a right to sue letter on April 14, 2023. She filed her initial complaint less than ninety days later.

Plaintiff brings four claims: (1) violation of OSHA; (2) retaliation under Title VII of the Civil Rights Act of 1964 by sending Plaintiff home without pay after she complained about the fumes; (3) retaliation by firing Plaintiff after Plaintiff filed a complaint with OSHA; and (4) violating HIPAA by sharing information about Plaintiff's medical conditions to her subsequent employer. Plaintiff also lists the Americans with Disabilities Act ("ADA"); the Genetic Information Nondiscrimination Act ("GINA"); and the Age Discrimination in Employment Act ("ADEA") in the section addressing jurisdiction.[1]

While Plaintiff has reworded and reorganized her claims, it fails for the same reasons as her original complaint. Plaintiff has not stated a claim upon which relief can be granted in any of her causes of action. The Court thus dismisses her complaint without prejudice and with leave to amend and directs her to its discussion regarding her claims in its previous screening order. (ECF No. 7).

The Court takes this opportunity, however, to discuss jurisdiction. Federal courts—like this Court—must have jurisdiction to hear a case. Generally speaking, there are two types of jurisdiction a federal court may have over a civil case: (1) federal question jurisdiction; and (2) diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

The first type of jurisdiction—federal question jurisdiction—exists when a civil action arises "under the Constitution, laws, or treaties of the United States."[2] *See* 28 U.S.C. § 1331. This appears to be the type of jurisdiction that Plaintiff is invoking because she asserts that her

---

[1] Plaintiff also lists certain statutes in her section addressing jurisdiction, apparently to apprise the Court that she is invoking federal question jurisdiction by bringing her claims under these federal statutes and regulations. As in its prior screening order, the Court does not address certain of the statutes and regulations Plaintiff lists because these provisions are either repetitive of other provisions Plaintiff lists or because it is unclear which statutes she is referring to. The Court directs Plaintiff to its prior screening order (ECF No. 7) for its reasoning.

[2] Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

claims arise under federal law. However, as outlined in the Court's previous screening order (ECF No. 7), as alleged, Plaintiff's claims do not arise under the federal statutes she has identified. Because Plaintiff has not alleged a viable federal statute under which her claims arise, the Court cannot hear her claim unless Plaintiff establishes a different basis for this Court's jurisdiction over her case.

The second type of jurisdiction is known as "diversity jurisdiction," and exists "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." *See* 28 U.S.C. § 1332(a). But it is not clear that Plaintiff has established diversity jurisdiction. While she claims damages in excess of $75,000, she has not alleged that the Defendants are citizens of a different state than her. Instead, her caption appears to indicate that Defendants are citizens of Nevada.[3]

The Court will give Plaintiff another opportunity to amend her complaint. But Plaintiff must establish either federal question jurisdiction or diversity jurisdiction in any amended complaint. If she cannot, while Plaintiff may be able to bring her claims in state court, this Court will not be able to hear her claims.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 11) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **July 1, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

---

[3] For purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and the order docketed at ECF No. 7.

DATED: May 30, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE